UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Martinez S. Aytch,<br><br>    Plaintiff<br><br>v.<br><br>James G. Cox, et al,<br><br>    Defendants | Case No. 2:15-cv-0958-JAD-PAL<br><br>**Order Granting Leave to Amend**<br><br>[ECF No. 14] |

Pro se prisoner Martinez Aytch brings this civil-rights action over events that occurred during his incarceration at Nevada's Ely State Prison. I screened his original complaint; dismissed with prejudice his First Amendment retaliation claim; and permitted his claims for denial of access to the courts and violations of his due-process, free-exercise-of-religion, and equal-protection rights to proceed.[1] Aytch moves to amend his complaint to add the last name of the defendant he identified in his complaint as "Edward B."[2] But his proposed amended complaint continues to allege a First Amendment retaliation claim in count one,[3] despite my dismissal of that claim with prejudice. Defendants oppose the amendment only to the extent that Aytch seeks to revive this dismissed claim.[4] I grant Aytch's motion in part: he may file an amended complaint, but he must first delete from it his First Amendment retaliation claim.

**Discussion**

Rule 15 of the Federal Rules of Civil Procedure directs district courts to "freely give leave

---

[1] ECF No. 3.

[2] ECF No. 14.

[3] ECF No. 14-1 at 9.

[4] ECF No. 15.

when justice so requires."[5]  And the Ninth Circuit has consistently held that leave to amend "should be granted more liberally to pro se plaintiffs."[6]

Good cause exists to grant Aytch leave to amend his complaint to include Edward B.'s last name.  However, I will not accept Aytch's proposed amended complaint because it continues to assert the First Amendment retaliation claim in count one that I dismissed with prejudice in my screening order.  Accordingly, I grant Aytch leave to amend, but he must file a new version of his amended complaint that deletes the First Amendment retaliation claim from count one.  The Clerk of Court will send him a blank § 1983 form, instructions for completing that form, and a copy of his original complaint.  He must use that form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.  And he must delete the First Amendment retaliation claim and the facts supporting it.  Aytch is further advised that if he files an amended complaint, the original complaint (ECF No. 4) no longer serves any function in this case, so each new claim and each defendant's participation in the alleged violations must be alleged specifically in the amended complaint.  The court will not refer to a prior pleading or other documents to make Aytch's amended complaint complete.  The amended complaint must be complete in and of itself without reference to prior pleadings or other documents.

### Conclusion

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that Aytch's Motion for Leave to Amend **[ECF No. 14] is GRANTED in part and DENIED in part.  Aytch may amend his complaint to add defendant Edward B.'s last name; however, I will not accept his proposed amended complaint [ECF No. 14-1].**

IT IS FURTHER ORDERED that the Clerk of Court is directed to send to plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his proposed amended complaint (ECF No. 14-1).  Plaintiff must use the approved form and must write the words

---

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).

2

"First Amended" above the words "Civil Rights Complaint" in the caption. And he must delete from the amended complaint the First Amendment retaliation claim presently pled in count one. **Plaintiff must file the amended complaint by July 8, 2016.**

DATED June 7, 2016

_____
Jennifer A. Dorsey
United States District Judge

3